UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALAT GEORGE YALDO,

    Plaintiff,                            CIVIL ACTION NO. 06-10630

   v.                                  DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                       MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on April 17, 2003, alleging that he had become disabled and unable to work on November 15, 2000, at age 40, due to back and leg injuries sustained in an automobile accident. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on March 28, 2005, before Administrative Law Judge (ALJ) Alfred Varga. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work providing a sit-stand option. The ALJ restricted claimant from driving and all types of climbing. He concluded that the claimant should avoid moving machinery and exposure to heights. The Administrative Law Judge also determined that Plaintiff was limited to simple, repetitive job duties performed in low stress work environments. The

Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties[1] have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 45 years old at the time of the administrative hearing (TR 171). He had graduated from high school, and had been employed during the relevant past as a stock clerk, cashier, casino dealer and security guard (TR 64, 171-175). As a stock clerk, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 50 pounds on a regular basis (TR 65, 173). Claimant stopped working in November 2000, after injuring his back and legs in an automobile accident ten months earlier (TR 89-95, 175). The claimant, who waived his right to representation, testified that he remained disabled due to severe pain in his low back and numbness in his legs and feet (TR 179-180). As a result of his back/leg pain and numbness, Plaintiff estimated that he could stand for just ten minutes and walk about two blocks before needing to rest (TR 176). He added that he could not sit up straight, but had to lean to one side. While he could lift a gallon of milk, he doubted he could sit for longer than 30 minutes (TR 177). Plaintiff stated that he enjoyed visiting with friends, and he spent a lot of time at a fitness center where he used the whirlpool and sauna to help relieve his back discomfort (TR 181-182).

A Vocational Expert, Pauline Pegram, classified Plaintiff's past work as medium, unskilled activity (TR 186). The witness testified that there were no jobs for

---

[1]Plaintiff, who was not represented by counsel, wrote a handwritten letter, dated October 12, 2006, detailing his functional limitations stemming from his back and leg pain. The letter was treated as a Motion for Summary Judgment.

**2**

claimant to perform if his testimony were fully accepted[2] (TR 188).  If he were capable of sedentary work, however, there were numerous unskilled assembly, sorting, inspection, lobby attendant, system monitoring, gate keeping, cashier and clerical jobs that he could perform with minimal vocational adjustment (TR 188, 190). These low stress jobs provided a sit-stand option, and did not involve any driving or climbing.  The jobs did not require performing complex tasks, and did not involve direct contact with co-workers or supervisors.  They also did not expose a worker to moving machinery or unprotected heights (TR 189).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was   impaired as result of back and leg pain, history of myocardial infarction and peripheral neuropathy, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that the claimant's physical impairments limited him to low-stress, simple jobs that did not require more than a few steps in the completion of assigned tasks. The Administrative Law Judge found that Plaintiff could not drive or repetitively perform any climbing.  He further determined that Plaintiff should not be exposed to moving machinery or unprotected heights. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining

---

[2]The witness opined that claimant's alleged need to lie down for most of the day would preclude all work activity (TR 189).

**3**

whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of sedentary work activity.  He also argues that the Administrative Law Judge did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of his joint pain or peripheral neuropathy.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of

**4**

simple, sedentary work. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of totally disabling back and leg pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

Dr. Dennis Giannini, a treating physician, reported in March 2000, that Plaintiff suffered a herniated disc following a motor vehicle accident three months earlier (TR 96-98, 140). The doctor treated claimant's radiating back pain with physical therapy and pain medications (TR 140). In a residual functional capacity assessment dated May 1, 2000, Plaintiff was restricted from lifting more than 40 pounds. Dr. Giannini also advised the claimant to refrain from repetitive bending, stooping and twisting. The treating physician recommended that Plaintiff be allowed to sit and stand "as needed" (TR 140).

Dr. Giannini recorded treatment notes in March 2001, indicating that Plaintiff was able to adequately heel and toe walk. Lumbosacral spine motion was nearly normal, and spinal X-rays showed only mild facet arthritis and disc space narrowing (TR 138). Plaintiff was placed under the same work restrictions as a year earlier (TR 138).

An orthopedic evaluation by Dr. Chetan Patel on March 25, 2002, noted that Plaintiff could walk normally and that he had full motor strength in his lower extremities (TR 155). A straight leg raising test was negative bilaterally, and no neurological deficits were evident. An X-ray of the claimant's low back revealed minimal degenerative changes (TR 155). A second orthopedic evaluation conducted a month later resulted in similar benign clinical findings. Dr. Jeffrey Fischgrund reported that Plaintiff had no weakness or other deficits in his upper extremities or cervical spine (TR 154). The ALJ's decision was consistent with the specific limitations imposed by the treating physicians. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent,

severe, totally disabling symptoms stemming from his joint pain and peripheral neuropathy were not fully credible.

When evaluating Plaintiff's physical residual functional capacity, the Administrative Law Judge took into consideration the opinion of Dr. B.D. Choi, a state agency physician, who reviewed claimant's medical record in June 2003. The consulting physician imposed limitations that were consistent with the ability to perform sedentary work, and which were taken into account by the ALJ in his decision (TR 81-88).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous

6

unskilled assembly, inspection, clerical and sorting jobs that Plaintiff could perform with minimal vocational adjustment (TR 188, 190). These low stress jobs provided a sit-stand option, and did not involve any driving or climbing.  The jobs did not require performing complex tasks, and did not involve direct contact with co-workers or supervisors.  They also did not expose a worker to moving machinery or unprotected heights (TR 189). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/Donald A. Scheer
                                          DONALD A. SCHEER
                                          UNITED STATES MAGISTRATE JUDGE

DATED: December 28, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on December 28, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 28, 2006. **Talat Yaldo.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217